Good morning, Your Honors. My name is Ethan Preston. I represent Mr. Geoffrey Kuns. This is a case that hinges on really one very simple question of statutory interpretation that we should really be focusing on. CCRA Section 1785.25a says, a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate. Let me stop you right there. You're talking about information and what the defendant did in this case was furnish information about a deficiency after the sale of a house. That's what he said. Now, your argument then seems to be that they had the additional duty of telling people that would read that information what the California law is. And that is that you really can't collect on that deficiency. In other words, the information itself is inaccurate, is it not? Sure. I think it's materially misleading. And that's, you can't get away... What you're putting, what you're seeming to do, it seems to me anyway, is put a legal obligation on the furnisher of the information. In other words, they have to not only give the information that they've been given, but they have to... Produced. They give the information, often gives the information to the credit reporting agency, and then they have the Of course. Okay. Now, why would anybody looking at that report know that? In other words, why do they have a legal duty, even under the California statute, to do that? To, in effect, practice law? It's not really practicing law, I understand. But explain to people what the California law says. It's different from the Fair Debt Collection Practices Act in that regard. Well, I'm not entirely sure that's necessarily true, because the FDCPA also has a misleading standard of liability. I don't think there's a real good reason for a different standard of liability here. The division you are making between, well, something that's legally collectible and something that's factually uncollectible, I think you're going to have a really hard time drawing that line consistently. And certainly, when you look at the FCRA, you can't report discharge debts. Debts that are discharged under the bankruptcy code, you have to change how you report it, because otherwise it's misleading. And so, this notion that, oh, we can constrain a furnisher's duty to report to things that are only factual, that doesn't square with the FCRA. And I don't think that you can constrain the CCRA in a more narrow way simply because the language is so similar. There's no daylight between the FCRA and the CCRA in statutory language. You've responded to the question, and I know you have more to say. So, this idea of the distinction you're going to make between law and fact, you can't do that. It was a question. All right. All right. I just want to make sure we're clear on that. In any event, the word at issue here is incomplete. And if it's not materially misleading, what can it be, your honors? What's the standard? They don't answer that. We do not know, from the record, what the report said. Is that correct? It's not in the complaint. It's not in your pleading. What you pleaded at paragraph three of your complaint was that OCWEN furnished information to credit reporting agencies, was inaccurate or incomplete. I'm not sure which you're relying upon, or perhaps you're relying on both, and perhaps... I'm pleading in the alternative. ...because it indicated, I guess that's not express statement, but it's an implied statement, that Kuhn's was liable for the deficiency after the foreclosure. Now, was...but you also...I mean, I'm having trouble because... Of course, your honor, let me help. You know, we've been benefited by the Iqbal and Twombly standard of pleading, in which we asked to...we look for factual pleading rather than conclusively pleading. This is conclusively pleading, completely. So, my question is this. If the credit reporting agency reports that Kuhn's was liable for a deficiency, you say that that was incomplete or inaccurate because... Well, it would be inaccurate, wouldn't it? He wasn't liable for deficiency. No, he was not. Despite Auckland's arguments, he was not liable. So, it's not incomplete. So, it's inaccurate. If what they said was Kuhn's was liable for deficiency, that would be inaccurate. Right. I've got it. Thank you. To go to your point, I would hate to have you guys send it back down because we didn't... Pardon me, pardon me. We are not you guys. I apologize. You are not you guys. I certainly am. Please don't take out my inadequacies as an oral argument on my client. We all learn and you just learned something. Yeah, I certainly did. Your Honours, if I can direct you to ER 156. It's in the record. Auckland was reporting these deficiencies with a positive balance. That is the basis for the allegation that they were reporting these deficiencies as do we know it. And again, Your Honour, I do apologize. Wait a minute. Is that part of your complaint? No, it's not, but it's in the record. Well, so is the docket in the record, but we look to the complaint to determine the adequacy of the allegations. So let's stick with what we should be sticking with. It's abuse of discretion to deny me an ability to amend. Did you ask for it? And I can do so here. Did you ask for it at the district court? I was not given an opportunity to do so. And the argument Your Honour is making was not made below. So I haven't had an opportunity to address that argument. What argument is that? The argument that I have not adequately alleged that the debt was reported in a manner that showed that Mr. Coons was liable. What is this ER site you're referring to? What is that? That's a notice of removal. It is a pleading and it's a judicial admission by Auckland. The document you were citing is something they filed. They filed. That's correct. But in any event, I should have an opportunity to amend if that's the panel's sole concern. Your Honours, I don't have a whole... I don't have an enormous amount of time left. I would like to reserve what I have for the other... About six minutes and change left. Thank you. Thank you. Thank you. Good morning. Good morning, Your Honours. Danielle Oakley on behalf of Auckland Loan Servicing. Please speak up. Yes, Your Honour. There should be another mic too. There should be one on the other side as well. Is there... No, there's not. Just the one. Let me scoot closer to this one. Is that better? Better. Thanks. Thank you. Thank you. Mr. Preston just clarified for the Court precisely what he thinks Auckland should have done here with respect to this credit reporting. He believes that in addition to reporting a deficiency balance that remains due and owing, as to which there is no allegation that the deficiency balance was itself inaccurate in terms of the amount. Well, but doesn't he allege in paragraph three in a very conclusory manner, and you haven't taken Iqbal as a basis for the motion to dismiss, that Coons was liable for the deficiency after the foreclosure. That was inaccurate. Paragraph three says as much, Your Honour. He just clarified here that what he meant by that was that Auckland was obligated in addition to reporting the balance itself to report a notation that Auckland could not collect on the debt. That was what he said in response to Judge Quist's question. But in fact, the state of the law under California's anti-deficiency statutes at the time this reporting occurred in 2009 was that that did in fact remain collectible, and it remained collectible from Mr. Coons himself. The state of the law in 2009 was as follows. There were two anti-deficiency statutes in play here, Section 580B and Section 580D of the California Code of Civil Procedure. Section 580B said, quote, No deficiency judgment shall lie, end quote, after foreclosures that certain factual criteria. Similarly, Section 580D said, quote, No deficiency judgment shall be rendered, end quote, for a different category of completed foreclosures. How do you distinguish in these reports between a debt that can be reduced to judgment and one that can't? I don't think there's an obligation under the act. Well, I didn't ask you if there's an obligation. I asked you how do you distinguish? The facts that would be necessary for one to draw that conclusion are actually available in the public record. So in other words, when you report it, you don't make any distinction. We're not alleged to have made a distinction, and we have to... I'm asking you one question. You're asking a different question. You don't make any notation when you report something that this particular debt can't be reduced to judgment. I don't actually think that's entirely true because... So you do put in there on the report that... What goes on the report is a notation that foreclosure has been completed. California... We're talking about what goes on the report. That's not before us. I agree with that, Your Honor. The issue is whether the allegation that you reported a deficiency, that was collectible. Under the state of... It wasn't collectible. Deficiencies can only be collected by judgment, can't they? No judgment can be rendered, and no judgment shall lie. No judgment could be rendered. Your Honor is absolutely correct under the law at the time. What was permissible, as held by numerous California courts and federal courts, was that deficiency balances remained collectible through repayment directly from the borrower. The balances remained due and owing, and until the reply brief... But regardless of statute, regardless of mechanism, regardless of law, he alleges Cools was liable for the deficiency. That's the allegation you made. He could only be liable for a deficiency if a judgment could be procured against him. I don't... And no judgment could be... How could someone be liable when no judgment can be procured against him? If he remains obligated to pay the debt. But he's not obligated because under law, no judgment can be rendered against him, and no one has to pay an obligation unless a judgment is rendered against him, unless he has a moral or commercial reason for doing it. He has an existing legal obligation to pay. The anti-deficiency statute... Well, he doesn't have a legal obligation that's enforceable. He could not be sued in court. That's correct. Well, is there any other legal way to recover a debt? Maybe I don't know about it. Well, under the terms of his note and mortgage, he was obligated to pay back the full amount due. The fact that a statute said one of the creditor's remedies for collecting on this debt, and that remedy being judicial enforcement, is no longer available to you. What other remedies at law does a creditor have for collecting the debt? Courts have recognized that creditors under the then-existing anti-deficiency statutes had the ability to correspond directly with the debtor to seek repayment. What legal remedy does a... Maybe I'll ask it again, ma'am. What legal remedy does a creditor have to enforce an obligation other than an action at law and a judgment thereon? He cannot obtain a judgment... Can you answer my question? What other legal remedy does he have to enforce? This is the third time. Give it to me, or let's go to something else. I don't believe that he has a legal remedy in terms of a judgment in court. He has other remedies available to him, not legally enforceable. Better Business Bureau and the Salvation Army, right? Pardon? He can talk to the Better Business Bureau and the Salvation Army. I suppose that's true. I suppose there could be other security. It could be secured by some other property, too. There could be other security. There could be guarantors. There could be voluntary repayment, which does happen on occasion. And I think that... Let me tell you the problem I have. I don't understand why, as this is alleged, and we take the allegations in the complaint, maybe at summary judgment you'd win, you'd lose, I don't know. But looking at the complaint, I don't understand why it is that he's wrong in saying that this report is incomplete. He's wrong in saying that the report is incomplete because the reason that he says the report is incomplete is because it supposedly leads to two misleading impressions. He's raised two inferences that he's concerned a potential creditor may make that he believes are misleading. And it's on that basis that he contends that the reporting is incomplete. The first of the impressions or the inferences that he's concerned that a potential creditor will make is that he was obligated in some fashion to pay the debt. Now, judicial enforcement aside, he remained contractually obligated to pay the debt. And that is a... That's a clarification of California law that I think requires a little bit more explanation here today. In the reply brief, Mr. Koontz argued for the first time that some statutory amendments to the anti-deficiency statutes that occurred in 2013 that became effective January 1st, 2014, were clarifying in nature and that they, in fact, meant that in 2009, the debt was no longer owed. The statutory amendments were not clarifying in nature. The law is different now than it was in 2009. The text of the statutes alone is very different. Whereas the statutes used to say no deficiency judgment shall lie or be rendered, they now say no deficiency shall be owed or collected and no deficiency judgment shall lie or be rendered. We don't need to look beyond the text to see that that was a change in the law. But if your honors are so inclined, I think you should reach the same conclusion. And that's because the bill itself distinguished between then existing law as being an extinction of a judicial remedy and the new amended law adding to that the wiping out of the debt or making clear that the debt is not owed and it's not collectible, which was not the state of the law prior. Mr. Kuhn cites a bill analysis that he says suggests that the legislature believed that the amendments were clarifying. There were several... I understand why we're getting to this. My concern is whether his allegations of the complaints state a claim. Not whether he's going to win, you know, or anything else. But I still don't understand why when he alleges this report was incomplete because it didn't tell the whole story that this debt can't be collected against me by a court. I don't understand why he doesn't state a claim. Yes, your honor. Because he believed that the reason that the report was misleading was because it suggested that he was obligated to pay. And that's the critical issue. If under California law at the time of the reporting, he remained obligated to pay the debt... Well, that's one way to look at it. Another way is, as he alleges, because it indicated that he was liable for the deficiency, which could be construed to mean he could be sued and incur contractual liability for it. I think that Mr. Preston answered that question earlier in response to Mr. Quist's question... I'm sorry, your honor. Judge Quist's question, when Judge Quist asked, are you contending that there should have been a notation along with this deficiency balance being reported that said that you could not collect the debt? And he answered in the affirmative. I don't know what that has to do with it. We don't care what Mr. Preston says here. We care about what the complaint says. Right. Well, I think it clarifies that what the complaint means by reporting in a way that suggests you're liable... I'll tell you, when I read it, I thought he was saying it's incomplete because it indicates that Kuhn can still be sued for the deficiency. I mean, that's the way I interpreted that. I don't know why, you know, it can't be read that way. Well, it shouldn't be read that way because, as your honors have seen, there are obviously multiple definitions. In the briefing alone of liability, there's a good seven or eight. And every one of them, with the exception of the one that Mr. Kuhn admits is his own shorthand, invokes the concept of a remaining obligation, a fiscal obligation, and that very much remained here under California law. Assuming this is ambiguous or not a model of how we'd like to see this pled, why shouldn't he have been given a chance to amend it? He shouldn't have been given a chance to amend it because even if we take liability to mean, as your honors are suggesting, strictly subject to a judgment in court. First of all, that's not what he said, but if we interpret it in that way, and there would be no obligation under the act to report affirmatively that an amount due could not be subject to a civil judgment. Why is that? That is for a couple of different reasons. First and foremost, such a notation or a report would be a legal conclusion of the kind that furnishers of information and credit reporting agencies are not required to make when they're reporting factual information. Isn't the representation that there was a deficiency a legal conclusion? It's not, your honor. There was an amount that's on the face of the note, and there's an amount that has been paid through the sale of the property, and what's left is a piece of factual information, which is the difference between the amount of the debt and what the property sold. How do we know that's what the record shows? I'm sorry, your honor? How do we know that that's what you just told us is correct? We don't have that, do we? I'm not sure which piece of information you're asking. The only thing we're passing upon is the sufficiency of the complaint. Correct. I don't understand what this other information you're referring to is. Oh, the amount of the deficiency. Is that what your honor says? That is, the proceeds were less than the amount of the loan at the time of the foreclosure. That's all it says. Okay. I think... And you interpret that into a deficiency. Actually, he pleads that there was a deficiency. Correct, your honor. There's another issue that was raised in the reply brief that I would like to cover, and that is the analogy between the effect of an anti-deficiency statute, as it existed in 2009, and the effect of a discharge in bankruptcy. Much of the case law to which Mr. Koons analogizes is case law wherein a debtor disputes the way in which his information was reported because he had obtained a discharge in bankruptcy and the creditor was reporting the debt in some other way, either charged off or delinquent or some way that failed to reflect the discharge in bankruptcy. And Mr. Koons suggests that those cases holding that that reporting was incomplete or inaccurate should be extended to find that reporting deficiency balances without reporting that the balance could not be reduced to judgment is similarly inaccurate or incomplete. The analogy between these two circumstances is misplaced. And that is because under bankruptcy law, when a consumer's debt is discharged, he is no longer obligated to pay the debt. It's not collectible from him in court or otherwise. Creditors cannot post-discharge send notices to borrowers in bankruptcy asking them to pay the debt. The lien may ride through bankruptcy, in which case the there may be correspondence regarding the grounds by which a creditor may exercise its right with respect to the security. But the debt is no longer owed post-discharge by the debtor. And that's a critical distinction between the bankruptcy scenario and what has occurred here. And so for the same reason, the reporting that's alleged post-discharge, Mr. Koons filed for bankruptcy in 2011, was discharged. The reporting of the deficiency at that point, as discharged in bankruptcy, was complete and accurate. Let me ask you this. I'm trying to find where the allegations in the complaint state a different count, if you wish, for the deficiency post-discharge in bankruptcy and pre-discharge in bankruptcy. And I can't find it. There's not a separate count, Your Honor. In the factual recitation, it suggested to me that he's going at two areas of contrast. However, after the December 2009 foreclosure, Ockwin furnished information, et cetera, that Koons was liable for the deficiency after the foreclosure. But I don't see any allegation that that was repeated after the discharge in bankruptcy. Even if what was being alleged in the complaint, and I agree with Your Honor, it's not necessarily clear. Even if what was being alleged in the complaint was that the reporting of the debt being discharged in bankruptcy somehow is further support that the earlier reporting was erroneous. I guess I'm not making my question clear, or perhaps you're trying to take me down a road I don't want to go. My question is, are we to consider the allegations regarding the pre-bankruptcy discharge differently from those of the post-bankruptcy discharge? And if so, tell me where in the complaint there's any allegation of a discharge in bankruptcy. I believe that the complaint is unclear on this point. Eminently unclear. There's no mention of a discharge in bankruptcy except in the allegations regarding the class characteristics, which are not in any way tied to the facts of this action. If we were to look at the complaint and interpret it as not including any further allegations about reporting after bankruptcy, I believe the result is still the same as we've been discussing here today. Thank you, Your Honors. Mr. Preston, how would you propose to amend your complaint if allowed to do so? Well, Your Honor has certainly suggested a couple of issues. The exact reporting of the credit report, obviously we need to allege a discharge. Now, for the record, the court could have taken on a 12B6 motion judicial notice of Mr. Kuhn's bankruptcy discharge. It was in the same district. It was a bankruptcy unit. We could if someone asked for us to do so and if it were relevant, but no one does. No one has. To be fair, Your Honor, no one raised Iqbal until this point either. Except the Supreme Court some years ago, right? It hasn't spoken on this case, but I take your point. There's a point I want to make. My esteemed colleague said, look, we report these deficiencies. It says foreclosure completed. And the suggestion is, well, that's sufficient. That's complete. And I'm going to tell you that that cannot be complete reporting because Aukwin can't tell you, and I'm sorry, I was looking frantically through the excerpt of record. Aukwin can't tell you. When it was looking at the number of class members to sustain CAFA jurisdiction, it came to the conclusion, look, we can't tell you of these 4,710 mortgages that we've got and we've reported this positive balance post foreclosure. We can't tell you which one the anti-deficiency statutes apply to. So on its own, its own admission, they can't distinguish credit reporting that where they've reported a deficiency on which they can collect in court and one which they cannot collect in court. And so this notion of, well, we did everything right. That's just not, that's not right. That's not, no one can tell whether or not the debts, the deficiencies are enforceable based on Aukwin's reporting. So that's one issue. You know, we've raised the issue of credit reports simply identifying debt. I don't think that's right. I think credit reports do a lot more than just identify debts. They provide a balance. They provide a data reporting. They provide a whole, a whole picture, a kaleidoscope of different facts about a consumer. You know, at some point, Aukwin argued, look, this notion that a deficiency is not a deficiency statute, well, that's a legal conclusion. And I think Your Honor kind of tugged at that a little bit to say, well, isn't a deficiency a legal conclusion? And it is. Deficiency is a legal conclusion. The word owed certainly has legal implications. The word debt is a legal conclusion. So if we're going to take things that broadly, it's all legal conclusions. And the last point that kind of was raised in this issue, in the prior argument, post-discharge furnishing, the information that was furnished post-discharge. And again, yeah, it could be. I found that. That's in paragraph 18, page 14 of your complaint. Right. Um, that could be alleged more clearly. Um, but the problem with it is that it extends the reporting period by five years. I don't understand your point about the bankruptcy. I've got to tell you, I understand your point about, uh, they reported deficiency, but it doesn't explain the whole picture. I don't get your point about the bankruptcy. Because they restart the clock. He, he, uh. What difference does it make to me if it's an accurate account of what the bankruptcy judge did? What difference does it make? Because it suggests, um. Let me put a question to you another way. If the bank, if, if they accurately report that the debt was discharged in bankruptcy, how can they be liable for that? It's still misleading because it, and it's materially misleading because it extends the period of reporting very substantially in this case. Well, it does whatever it does. But I mean, if, if the judge says, uh, your, your name is Mr. Green and they put in the report, your name is Mr. Green. They accurately quote the judge, what he said in court that day. I don't see how they can be liable. It's, it's misleading because it suggests, you know, your, um, this bad credit incidents happened instead of happening in 2009, it happened in 2011. I'm going to suggest to you, even if it's the exact same incident, the same credit or same amount of money, those two are very different because somebody whose financial troubles are six years down the road and six years distant from them is, is a very different person. So if you're discharged in bankruptcy, they're not, they're not allowed to say you were discharged in bankruptcy. They're allowed to say it was discharged in bankruptcy, but they should probably stop reporting it, um, in 2016. They can tell the whole world this, this bill was discharged in bankruptcy. If it was discharged in bankruptcy. No, they can't tell the whole world that that's not a matter of public record, but the bankruptcy court does. Of course it is. Okay. Of course it is. How can they be, we're going to talk over each other. No. How, how are they, how can they be liable for accurately reporting legal action taken by the bankruptcy court? It's, it has to do with, um, when the debt was discharged. Obviously the timing makes a difference and it, it has to do with credit reporting. There's a difference in how long, uh, something can be reported. Bankruptcies can be reported for 10 years and only 10 years. Did they exceed the 10 year period of this? No, they're not. But they're reporting this debt as discharged bankruptcy and extending the reporting by another five years. Okay. I think we got the picture, Mr. President. Thank you, Your Honor. Thank you very much as well. The case just argued is submitted. We'll stand and recess. Thank you.
judges: Quist, Silverman, Bea